WILLIAM H. PRUITT, ESQ.
Nevada Bar No. 6783
JOSEPH R. MESERVY, ESQ.
Nevada Bar No. 14088
BARRON & PRUITT, LLP
3890 West Ann Road
North Las Vegas, Nevada 89031
Telephone: (702) 870-3940
E-Mail: bpruitt@lvnvlaw.com
         jmeservy@lvnvlaw.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARISA AUSTIN, individually<br><br>    Plaintiff,<br><br>vs.<br><br>MARLA MICHELLE TEAGARDEN, individually;<br>BLACKFOOT SERVICES LLC, a foreign limited<br>liability company; DOES I through X, inclusive;<br>and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants. | Case No: 2:25-cv-00080<br><br><br>**STIPULATION AND ORDER TO<br>EXTEND DISCOVERY DEADLINES**<br>**(First Request)** |

  Defendants MARLA MICHELLE TEAGARDEN and BLACKFOOT SERVICES LLC, and Plaintiff MARISA AUSTIN, through their respective counsel, submit this stipulation and order to extend discovery deadlines pursuant to LR 26-4 as follows:

  1. <u>Summary of Discovery Completed</u>

  To date, the following discovery has been completed in this case:

| Item | Date Completed |
|---|---|
| Defendants' Initial Rule 26(a) Disclosures | 05/08/2025 |
| Defendants' First Set of Requests for Admission, Requests for Production and Interrogatories to Plaintiff | 05/09/2025 |
| Plaintiff's Initial Rule 26(a) Disclosures | 05/13/2025 |

  2. <u>Discovery Remaining</u>

  The following discovery remains to be completed:

1

a) Written Discovery to be propounded by Plaintiff;

b) Deposition of Plaintiff;

c) Deposition of Defendant Teagarden;

d) Deposition of Rule 30(b)(6) Designee for Defendant Blackfoot Services LLP;

e) Deposition(s) of percipient witnesses (e.g., Jenni Haraldson; Tyler Haraldson; and Joe Teagarden);

f) Deposition(s) of investigating officers (e.g., Officer Moises Ibarra)

g) Deposition(s) of Plaintiff's treating physicians;

h) Disclosure of expert witnesses; and

i) Deposition(s) of expert witnesses

Reason Why Discovery Was Not Completed

Discovery in this matter is currently scheduled to close on July 23, 2025. Although discovery has progressed, additional time is required to complete the remaining discovery for multiple reasons. First, Plaintiff's former attorney disassociated with his firm and once the case was reassigned, insufficient time remained to identify and hire potential experts with sufficient availability to provide opinions. Additionally, Plaintiff has yet to provide HIPAA authorizations to allow the defense to collection of her medical records, which records are anticipated to be central to the defenses raised in this matter and will take time to collect; however, Plaintiff has recently disclosed significant medical records. Furthermore, the paralegal assigned to this case for Defendants moved away and during reassignment of this case (among many others), the deadlines in this matter were inadvertently overlooked. And, Defendants' lead counsel recently experienced a significant illness that kept him out of the office for many days. The additional 120 days proposed herein will allow the parties' respective counsel the time necessary to coordinate the remaining discovery. As such, the parties believe that good cause exists to warrant extending the discovery cut off deadline and hereby request a 120-day extension of the remaining discovery deadlines to allow for additional time to complete the remaining discovery.

As this stipulation is being submitted within 21 days of the current initial expert deadline date, the parties submit the following statement demonstrating excusable neglect. There are at least four (4)

factors in determining whether neglect is excusable: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Erection Co. v. Archer W. Contractors, LLC*, No. 2:12-cv-0612-MMD-NJK, 2013 U.S. Dist. LEXIS 159029, at *7 (D. Nev. Nov. 6, 2013) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Pionee*r, 507 U.S. at 395.

The factors are all met here. First, there is no prejudice to any party; all parties consent to the extension. Second, the length of delay is reasonable considering the extent of discovery to be completed and the fact that trial has yet to be scheduled, and the parties agree this 120-day extension is necessary given the extraordinary circumstances. This extension will allow the parties to obtain necessary documentation and complete necessary depositions prior to disclosing expert witnesses as detailed above. The third factor, reason for delay, also weighs in favor of granting the request. The shuffling of cases from counsel and paralegals resulted in a need for additional time to ensure key document production to expert witnesses to assist the trier of fact. Moreover, Plaintiff has yet to provide certain HIPAA releases and the defense requires time to obtain records using these documents. Finally, the fourth factor, good faith, is present here. As discussed above, the parties have diligently and amicably completed discovery upon learning of calendar oversights and met and conferred in good faith prior to requesting this extension of deadlines on May 9, 2025.

3. <u>Proposed Schedule for Completing Discovery</u>

Accordingly, the parties respectfully request that this Court enter an order setting the following discovery plan and scheduling order dates:

| Event | Former Deadline | New Deadline |
|---|---|---|
| Amend pleadings or add parties | April 24, 2025 | No Extension Requested |
| Expert Designations | May 26. 2025 | September 23, 2025 |
| Rebuttal Expert Designations | June 23. 2025 | October 21, 2025 |
| Discovery Cut-off | July 23, 2025 | November 20, 2025 |
| Dispositive Motions | August 22, 2025 | December 22, 2025 |

| Joint Pre-Trial Order | September 22, 2025 | January 21, 2026 |

Counsel further state that the requested extension of discovery deadlines is not interposed for purposes of delay, but rather for the purposes set forth above.

DATED: May 15, 2025                           DATED: May 15, 2025

**THE 702 FIRM INJURY ATTORNEYS**             **BARRON & PRUITT, LLP**

By: _/s/ Matthew Pawlowski_                   By: _/s/ William H. Pruitt_
   MICHAEL C. KANE, ESQ.                          WILLIAM H. PRUITT, ESQ.
   Nevada Bar No. 10096                            Nevada Bar No. 6783
   MATTHEW P. PAWLOWSKI, ESQ.                      3890 West Ann Road
   Nevada Bar No. 9889                             North Las Vegas, Nevada 89031
   8335 W. Flamingo Road                           *Attorney for Defendants*
   Las Vegas, Nevada 89147
   *Attorneys for Plaintiff*

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
DATED: 5/20/2025

If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.